arguing on behalf of the people, the account of Mr. Gregory Rahn  I was just about to say that, Your Honor. Good morning, Your Honors, Mr. Rahn. Again, my name is Mary Lebrecq. I'm an Assistant Attorney General here representing the defendant, Doppelini. The fundamental problem with this case is that Plaintiff is trying to use the Polo Ronto Act to do things it was never intended to do. Polo Ronto is a special and limited form of action. As relevant here, it is a way of obtaining an ouster of a public official or resolving disputes about his authority. In addition, courts have a limited discretion to punish the officeholder through use of fines. That's the extent of the remedies it affords. It is not a way to challenge the legality of the defendant's conduct while in office, nor is it a way to reverse years of decision-making to return to a more favorable status quo. It is because of the limited nature of the remedy that we have the special procedural rules that Plaintiff need not allege specific facts but need only make his allegations in general terms and that the defendant bears the burden of proof. There's a trade-off here. On the other hand, the plaintiff has no claim of right. He has to have permission to bring the suit, and the remedy and the impact on the defendant are more limited. In getting permission to bring the suit from the trial court, did the trial court then decide the question of standing by allowing the plaintiff to bring the suit? Is that issue settled, or was that settled by the trial court at that particular time? There was a very brief hearing without much argument at which the defendants and counsel were not present, but the court met with Mr. Lon and decided to grant it. Subsequent to that, the defendant objected on grounds of standing, and the court made a ruling on that and permitted the suit to continue. How do you respond to plaintiff's argument that there still is a controversy and the case is not moved? He raised a number of claims, and there's just one I'm going to focus on unless you have specific questions. His central claim is that the right to damages prevents mootness, but the de facto officer doctrine is an obstacle that stands in his way. In his reply brief, he did argue that where fraud is involved or where the public is not deceived, then the de facto officer doctrine doesn't apply, and he cites a bunch of cases from Tennessee and Missouri. I think that that idea would apply in Illinois, but in all of these cases the determinative question is whether color of title has attached. The kind of fraud that they're talking about in these cases are the kind that would happen, say, if somebody stood outside the dean's office and someone who meant to come to see the dean came up and the person who was not the dean said, hello, I'm Dean so-and-so, I was just going out for coffee, why don't you come on with me? Well, the de facto officer doctrine would not validate any promises made by that pretended dean. Equally, if somebody occupied the dean's office at gunpoint and signed some documents on his desk, the public would not be deceived into thinking that's a legitimate action. But the kind of fraud that he is talking about is, what he means by fraud is that in his view, the defendant and other administrators knew that what they were doing was unlawful, and if that were enough, the fraud exception would swallow the rule. He also claims that the Poole-Buranto action converts a de facto officer into a usurper, and then the officer's acts can be challenged, but this is not the case. A Poole-Buranto action does not remove the color of law, rather it grants a limited relief in spite of it, and it is intended to apply precisely when a Poole-Buranto suit is brought, because otherwise the suit would destabilize the entire economic and political situation to the extent of that particular public officer's involvement. I'm sorry, could you say that again? If a Poole-Buranto action had the result that plaintiff claims it does, that it would then invalidate the entire 11 years of the dean's actions, and then everyone could bring all kinds of claims, it would destabilize the entire political and economic situation involving that to the extent of his involvement. So because the conduct of the dean was so egregious, we won't let the claim lie? No, it's not about how egregious the conduct is. Well, you just said over 11 years, that's what I meant by egregious, the length of time, because that's so long, and it went on for so long, that therefore the claim shouldn't lie because it would destabilize things? Well, that's the reason that Poole-Buranto has such a limited relief, and that's the reason for the de facto officer doctrine, which says that if he wants to claim the things that the dean did during his term, there are ways to do that, and he did that. He brought a federal suit. He brought a claim for discrimination and a bunch of other things. But if you want to attack the things that a public officer does during their tenure, that's what you have to do. The Poole-Buranto action is not established for that purpose. It's just for the limited purpose of removing that person from office. Well, what about the sanctions and the punishment aspect of it? Well, apart from, let's say, someone is not appropriately holding the office, where does the punishment aspect come? You mean, well, there is? Well, he's saying that there are two aspects, the liability aspect and the punishment aspect, because there theoretically still was the opportunity for the trial court to impose punishment, even though the dean had resigned, that the case was not moved. How do you respond to that? Well, there is a conflict in the Supreme Court case law about that. There are some cases that say that because there's an inability to award fines, I'm sorry, because there is an inability, I'm just having a hard time hearing you. I'm sorry. I'm sorry. And my mouth is getting a little dry. There's some water there. Take a sip. It's okay. You've got time. Okay. Okay. There are cases that say that the ability to issue a fine, as well as grant the ouster, is a basis for finding it moved. But that's a little bit problematic because it makes sense to say that when the plaintiff has received the only relief he could expect to receive, the only thing that he can get out of a co-oranto action is the ouster. And for people who actually have an interest in the office, as Your Honor was saying, that is significant and real relief, and that is the purpose of co-oranto. In other words, why wouldn't fines prevent moveness from arising, the payment of any fines, if there was a determination that the office was wrongfully held? What about also the fact that there's supposed to be, I believe, attorney's fees that may be assessed under that? Well, I don't believe that the circuit court meant that to say that it was just not going to consider the possibility. I think that the circuit court, when he said he wasn't going to award fees, I think what he was saying that he could be complaint didn't have merit, and that's why it was not ultimately going to be awarding fees, because of the other problems that we've talked about, because of the lack of standing, and because of the failure to state a claim. Well, by its very nature, a dismissal is not a ruling on the merits, is it? No. It's a ruling on whether or not the trial court felt it could have granted relief. All right. So if the statute provides for fines and attorney's fees, and the trial court didn't give them, and dismissed the case on the basis of mootness, the trial court was effectively saying not that the petition lacked merits. He was effectively saying that he couldn't grant the relief for whatever reason. Does that make sense to you or not? Well, I think his principal reason for saying that it was moot was that there was no relief that plaintiff could get, and because there was no relief that plaintiff could get, the action was moot, and that even if the action had proceeded, he wouldn't be ‑‑ he wouldn't ‑‑ So if a fine was imposed, the plaintiff doesn't get it. Right. In no case does the plaintiff get it. It's not ‑‑ What about attorney's fees? The attorney's fees he can get in the court's discretion. Well, did he have an attorney representing him? Because a pro se is not entitled to attorney's fees if you don't pay it. No. So the attorney's fees are not ‑‑ I'm sorry. No, he did not have an attorney. No, he did not have an attorney. It was pro se at that time as well. Yes. Okay. So going back then to the question of standing apart from mootness, the plaintiff indicated that he felt he had standing because he was injured, and you heard his response in indicating to us more specifically how his wife was fired, how there was interference with the contract and opportunities that he may have had. How do you respond to that with regard to the issue of standing? And my question with respect to a private party needing a personal interest in the office. That is our argument, Your Honor, that he does need a personal ‑‑ to obtain an ouster he needs a personal interest in the office, and he does ‑‑ the cases do say that he has to show harm, that he has to show harm distinct from that of the general public, but that's necessary and not sufficient. The harm that he needs to show, and there might be a different interest required if he was arguing about the authority to do some kind of action, but to say that the dean is not eligible for the office and to get an ouster, he needs to show, as the cases we cited indicate, that there is an interest in the office itself, and that's why the cases have said things like it's usually restricted to a rival claimant, or more recently some of the cases have said that you would have an interest if you are a member of the same board or other governing body because then the lack of eligibility of that person would undermine the decisions of the board as a whole. So would a faculty member then be somebody ‑‑ would you have to be a full‑time faculty member to have an interest in that office? I mean, who would you have to be? What type of connection, if any, with the university would you have to have apart from being a member of the general public? You would have to have some governing relationship that depends on ‑‑ you'd have to be on a kind of council with the dean, sort of. I don't think ‑‑ On a what? Council? You'd have to be on a sort of governing council with the dean, or you would have to be arguing that ‑‑ I mean, give me an example. I don't really have a good example because I don't know enough about how the university works and how his authority works with the authority of other administrators. Somebody who believed that they should have had the position but for his position would be someone who would have standing for that. If Mr. Ron was an employee of the university and he was fired by the dean and based upon the de facto officer's rule or doctrine, even if the dean was ousted by judicial judgment, would that have any effect on the firing? I'm not sure what you mean. It wouldn't undo the firing. So if it wouldn't undo the firing, what other damages are there? It wouldn't undo the firing, but would it make the firing wrongful such that someone might be entitled to damages? You'd have to bring an independent action showing that the firing was wrongful, that it was against a contract to have with the university or that there was some kind of discrimination or something like that. That's the way that you attack the conduct. This action is just to prevent a person from continuing to exercise authority that they don't have. And so this may be a good place to move into the stated claim part. Because even if he had established a standing with his claims of past harm, he failed to state a claim in Quo Lanto because he failed to identify any provision of law, specific constitutional, statutory, regulatory, or other provision that he believes the defendant to have violated. He lists five of what he characterizes as qualifications. He's characterizing the bachelor's degree on a resume, plagiarizing master's thesis, lack of a PhD in engineering and technology, search committee was rigged, and a member of the committee got a quid pro quo for a vote, he says. But these are things that the university might well want to consider in vetting a candidate, but they're not qualifications or preconditions for the office. Rather, there are things for the university to consider in its discretion, and discretionary questions are outside the scope of a Quo Lanto action. Sayur's best argument is where he pointed to a provision of the university bylaws that he claims was violated. But even if the bylaws should be considered law for purposes of the Quo Lanto Act, he still has a problem because he hasn't shown even that the bylaws were violated, because there's no provision that says that the dean must in every case have a PhD in engineering or technology. It says only that professors normally have that, and it even provides for exceptions. And he also failed to state a claim with respect to his argument that the defendant forfeited the office because he doesn't explain how these claims satisfy the requirement that Quo Lanto proceedings are intended to challenge the authority to act and not the manner of exercising authority. And also, he has not shown a specific provision of law that requires forfeiture. Bottom line, you're basically saying he may have had a myriad of causes here, causes of action, but this was not the vehicle to bring them. Is that pretty much the bottom line? That's the bottom line, yes. Okay. Thank you. Your time is up. All right. Thank you. Your discourt to affirm Mr. Court's judgment discussing this action. Thank you. Mr. Ryan. Thank you, Your Honor. First, I'd like to say that we've been discussing personal interests and failed to state grounds as issues today. I'd like to point out that I don't believe that these were preserved on appeal. Their objection was filed. Their objection, with one argument being personal interests, was filed 44 days after the Court's ruling that it granted me leave in standing. Forty-four days is just way beyond discretion. And besides, the Court never cited that argument in the lower court. So I believe that argument is not preserved in this appeal. Secondly, the failure to state grounds also is not preserved. Throughout the briefs on the lower court, the defendant never raised a grounds argument in its objection or at any time in the lower court. So, again, I believe that argument is waived. And based on the merits of those cases, just to point out that the timing, I was an employee at NIU. When you say 44 days, is that based on the date of the effectiveness of service on the attorney general or the university or the dean? It was 44 days from the summons. And when did they file an answer? 44 days after? It was 44 days after the summons date. Did you move to strike the answer on the basis that it was not timely? Yes, yes, I did. What did the trial court do? No, I'm sorry. I misinterpreted. I did not file a motion to strike. It was in my response to their objection. Okay. Did the trial court make any rulings relative to standing? He denied their objection. So he did not itemize why. He denied it rather than striking it? He denied it, yes. There's a difference, you know. Yes, yeah. One is, if you strike it, then he's agreeing with you that it's not timely and he's not addressing the merits. But if it denies their objection, it would imply that he's ruled on the merits. He's allowed the issue to be raised, considered, deliberated upon, and found it lacking. At any point, I just wanted to bring it up. It did file it 44 days later. With respect to the arguments, as you all know by reading the briefs, there was an FBI investigation, which was very likely. There's no statute of limitations on Cole-Warrantoe. I went through a due process of all the channels that I had to go through before reaching this. And Cole-Warrantoe is my only remedy for this. I need that liability and determination for me to go after a damage remedy. I have no other choice. The opposing counsel mentioned other case law. There has been no other case law that's been conflicting with all of my arguments. They mentioned one, which is Black v. Dukes, but those issues were never raised to the court. It just simply died. The briefs were never written. In terms of timing, I was an employee at NIU from 2006 to 2007. And the reason I said that I wasn't an employee because after that time, when all this blew up, was when the copyright infringement occurred. So it was after I was an employee, even though my wife was still there. So that copyright infringement, obviously that is another personal interest that I have, that they copied four semesters of materials. I have no other options, but I always thought that a copyright infringement was capable of relief in the courts under a suit claiming copyright infringement. So when you say you don't have any alternative forms of litigation, if you're claiming a violation of a copyright, I think you do have an alternative form, at least insofar as that aspect of the case is concerned. Yes, and that was my federal lawsuit, Your Honor. So that lawsuit dealt more with the damages, where this is dealing with his authority to do certain things. And that's the primary difference in this case, Your Honor, was his illegal dissipation and going against the NIU intellectual property policy to copy my materials. Your syllogism seems to be an anthem to the extent that you assume that if you establish that for some reason this person's office is invalid, that that supposedly some way connects and establishes that he has somehow wronged you. Is that not correct? Because he improperly went against NIU policy, it violated me. He did what? But that isn't necessarily what the trial court was going to determine, was it? The trial court wasn't going to determine whether you were wrong. It was going to determine whether or not the dean was properly the dean. And the reason for his judgment that determined that the office was vacant or that the position was improperly filed or filled could be a myriad of reasons other than whether or not he wronged you. It could have been, like you said, or like Ms. Fick said in the bylaws, that maybe he didn't have a proper degree or a certification to hold a position, which has nothing to do with whether or not he wronged you. But that's why, Your Honor, this case is a zero damages case. All I had to show was a personal interest, which was that I had to show some kind of harm that was distinct from the general public. I didn't have to go into all the details of every which way I was harmed. I just had to show a personal interest that I wasn't some public taxpayer. And I showed that. Okay. My point is, is that we seem to be arguing apples to oranges here, at least when it comes to whether or not his discharge, for whatever reason, and if it was based upon a court order that determined that he was holding office improperly doesn't necessarily imply that he wronged you. Right. He actually has to wrong me. So by him coming in and interfering with my faculty selection process, which is totally improper, and nullifying my votes, that is a complete wrong, Your Honor. I think I understand the conundrum here now. Thank you. Well, thank you. Thank you all. Thanks. Did the time run? Yes, it did. Any other questions? I don't know. Thank you. We will take the case under advisement. We have other cases on the call, courts in recess.